IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **KENNETH BERGER,** *ex rel* **STATE OF ALABAMA,** | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) Civil Action No. 24-00170-KD-N ) |
| **JUDGE WILLIAM E. SCULLY, JR.,** | ) ) |
| Defendant. | ) |

## ORDER

This action is before the Court on the Second Amended Complaint filed by Kenneth Berger (doc. 15) and Defendant Judge William E. Scully, Jr.'s Motion to Dismiss the First Amended Complaint (doc. 13).

I. Second Amended Complaint

Berger filed a Second Amended Complaint on July 24, 2024 (doc. 15). Because Berger already amended his Complaint once as a matter of course (doc. 11), he may now amend his complaint "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). And the "court should freely give leave when justice so requires." Id. However, Berger did not provide the Court with Judge Scully's written consent and Berger did not move the Court for leave to file a Second Amended Complaint.[1] Accordingly, the Second Amended Complaint (doc. 15) is **STRICKEN**. See Williams v. Bio-Life Plasma, No. 4:22CV455-MW/MJF, 2023 WL 2614637, at *1 (N.D. Fla. Mar. 23, 2023) (striking the third amended complaint and explaining "Plaintiff is pro se, but this does not mean this Court will treat her any

---

[1] See Civil Local Rule 15 of the Local Rules for the United States District Court for the Southern District of Alabama.

worse *or* any better than other litigants. Her conduct is still governed by the rules of this Court and the Federal Rules of Civil Procedure, including the requirement to seek leave before filing a third amended complaint. See Fed. R. Civ. P. 15(a)(2)") (italics in original); Edwards v. Pruitt, No. 7:20-CV-01400-LSC, 2020 WL 6712272, at *2 (N.D. Ala. Nov. 16, 2020) (same).

II. Motion to Dismiss First Amended Complaint

Because the Second Amended Complaint has been stricken, the First Amended Complaint is now the operative complaint. Pintando v. Miami-Dade Housing Agency, 501 F.3d 1241, 1243 (11th Cir. 2007) ("An amended pleading supersedes the former pleading; the original pleading is abandoned by the amendment and is no longer a part of the pleader's averments against his adversary."). Judge Scully filed a motion to dismiss the First Amended Complaint (doc. 13). Berger was given an opportunity to respond to the motion on or before July 24, 2024 (doc. 14). To date, Berger has not filed a response. Upon consideration, and for reasons set forth herein, the motion to dismiss is **GRANTED**.

A. Background

In 2023, an Alabama State Trooper issued a traffic citation to Berger in Baldwin County, Alabama. The citation was assigned to Judge Scully in the District Court of Baldwin County (05-TR-2023-406449.00). The action remains pending.

In his First Amended Complaint, brought pursuant to 42 U.S.C. § 1983, Berger alleges that Judge Scully, in his individual capacity and acting under color of state law as a state agent, deprived Berger of his liberty, his "Freedom of Movement", and his "Fundamental Right to Movement" without due process of law in violation of the 5th Amendment[2] (doc. 11, p. 6, 17).

---

[2] To the extent that Berger invokes a Section 1983 "Fifth Amendment claim for deprivation of liberty without due process, the analysis of that claim is subsumed within the court's Fourteenth Amendment analysis." Lietzke v. City of Montgomery, Al., No. 22-cv-1030-ECM-JTA, 2023 WL 3238945, at *10 n.14 (M.D. Ala. May 3, 2023) (quoting Chavez v. Martinez, 538 U.S. 760,

2

Because of the traffic citation pending before Judge Scully, Berger alleges that Judge Scully "has been forcing the movement" of Berger "by forcing him to defend his fundamental right to movement." (doc. 11, p. 19).  Berger appears to mean that Judge Scully is forcing him to appear in district court and defend the traffic citation which deprives him of his freedom of movement.

Berger alleges that he is "deprived of due process because" Judge Scully did not post a Public Official Bond as required by Ala. Code § 36-5-4, and therefore, is not qualified under Alabama law to be a district judge (doc. 11, p. 16-17).  Berger alleges that "the process that is Due is to have a qualified, fair, and impartial Judiciary." (doc 11, p. 19).

Supplemental to his Section 1983 action, Berger alleges a state law claim based upon Judge Scully's alleged failure to file a Public Official Bond within forty days after his election (doc. 11, p. 13-14).  Berger, as relator for the State of Alabama, demands a Writ of Quo Warranto pursuant to Ala. Code § 6-6-591 for Judge Scully to "vacate his unlawfully held seat" (doc. 11, p. 3).  Berger alleges that the Writ is brought against Judge Scully "in his in-persona capacity" (doc. 11, p. 10).  He alleges that "[d]enying this Writ of Quo Warranto would be in violation of statutory law and cause further deprivation of liberty" (doc. 11, p. 21). Berger also alleges that Judge Scully is "usurping the Judicial Office" and illegally impersonating a "judicial official without state law authority" in violation of the Alabama Criminal Code (doc. 11, p. 20).

As to relief, Berger asks the Court to "declare the appointment" of Judge Scully "null and void because of his failure to abide by the Alabama Code § 6-6-951" (doc. 11, p. 21).  He also

---

766 (2003)) ("'The Fifth Amendment [is] made applicable to the States by the Fourteenth Amendment.'");  Id. (quoting Buxton v. City of Plant City, Fla., 871 F.2d 1037, 1041 (11th Cir. 1989) ("'The fifth amendment to the United States Constitution restrains the federal government, and the fourteenth amendment, section 1, restrains the states[ ] from depriving any person of life, liberty, or property without due process of law.'"));  Vega v. Tekoh, 597 U.S. 134, 141 (2022) (noting that "the Fifth Amendment" is "made applicable to the States by the Fourteenth Amendment").

asks the Court to exclude Judge Scully from his office (Id., p. 22), and consequently, remove him from presiding over Berger's traffic citation prosecution.

   B. <u>Analysis</u>

Judge Scully raises five arguments in support of his motion to dismiss (doc. 13, p. 5). First, he argues that the Court does not have federal question jurisdiction pursuant to 28 U.S.C. § 1331 over Berger's claim for a Writ of Quo Warranto because it "is a state law cause of action, and as such, was not created by federal law, nor does it contain a substantial disputed area of federal law as a necessary element of that claim." (Id.)  Second, Judge Scully argues that as to Berger's alleged § 1983 deprivation of rights claim, Berger "has failed to allege or adequately plead a deprivation of his constitutional rights." (Id.). Third, in the alternative, Judge Scully argues that "if the Court construes that [Berger] did properly allege a constitutional violation under § 1983, then the claim would invite this Court to interfere with an ongoing state criminal proceeding, and this result is barred by the <u>Younger</u> abstention doctrine." (Id.)  Fourth, Judge Scully argues that he would "be immune from any purported damages claims in his individual capacity [because he] is entitled to judicial immunity or, alternatively, qualified immunity from suit." (Id.)  Last, Judge Scully argues that "these filings should be rejected and dismissed summarily as frivolous 'sovereign citizen' filings." (Id.)

Judge Scully's third argument is dispositive of the action.  Assuming for purpose of this motion only that Berger could show that this Court has subject matter jurisdiction over his First Amended Complaint, the <u>Younger</u> abstention doctrine would apply. "The Supreme Court has said that federal courts have a 'virtually unflagging obligation ... to exercise the jurisdiction given them.'" <u>31 Foster Children v. Bush</u>, 329 F.3d 1255, 1274 (11th Cir. 2003) (quoting <u>Colorado River Water Conservation Dist. v. United States</u>, 424 U.S. 800, 817, 96 S.Ct. 1236,

1246, 47 L.Ed.2d 483 (1976). "But 'virtually' is not 'absolutely,' and in exceptional cases federal courts may and should withhold equitable relief to avoid interference with state proceedings." Id. (citing New Orleans Pub. Serv., Inc. v. Council of New Orleans, 491 U.S. 350, 359, 109 S.Ct. 2506, 2513, 105 L.Ed.2d 298 (1989)). "While non-abstention remains the rule, the Younger exception is an important one. It derives from 'the vital consideration of comity between the state and national governments,' … which Younger itself characterized as a 'sensitivity to the legitimate interests of both State and National Governments'" Id. (quoting Lucky v. Miller, 976 F. 2d 673, 676 (11th Cir. 1992)).

The Court of Appeals for the Eleventh Circuit has explained the parameters of the Younger abstention doctrine under Younger v. Harris, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971). The Eleventh Circuits stated as follows:

> Younger established that, based on principles of comity and federalism, a federal court should not interfere with ongoing state criminal proceedings where the state court conviction and/or sentence is not yet final. See id. at 43–45, 91 S.Ct. 746. Younger abstention is required when: (1) state proceedings, judicial in nature, are pending; (2) the state proceedings involve important state interests; and (3) the state proceedings afford adequate opportunity to raise the constitutional issue. Id. There are three narrow exceptions to the abstention doctrine: (1) there is evidence of state proceedings motivated by bad faith; (2) irreparable injury would occur; or (3) there is no adequate alternative state forum where the constitutional issues can be raised. Id. at 46–49, 91 S.Ct. 746; Kugler v. Helfant, 421 U.S. 117, 123–25, 95 S.Ct. 1524, 44 L.Ed.2d 15 (1975).

Johnson v. Florida, 32 F. 4th 1092, 1099 (11th Cir. 2022).

The three elements are met. First, Berger's on-going state traffic citation proceeding in the District Court in Baldwin County constitutes an "ongoing state judicial proceeding." See

Stubbs v. City of Center Point, Ala., 988 F. Supp. 1270, 1281 (N.D. Ala. 2013) (citing Middlesex County Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 432, 102 S.Ct. 2515, 73 L.Ed.2d 116 (1982)); see also Cormier v. Green, 141 Fed. Appx. 808, 813 (11th Cir. 2005) (finding Younger applied at the date the federal complaint was filed even though the state proceeding were no longer pending at the time of the motion to dismiss).  Second, the State of Alabama has an important state interest in regulating traffic on the roads and highways within the State. Dixon v. Love, 431 U.S. 105, 114-115, 97 S. Ct. 1723, 1728-1729, 52 L. Ed. 2d 172 (1977) (finding that the State has an "important public interest in safety on the roads and highways"). Last, Berger may assert his deprivation of due process claim in the state proceedings, and should he choose to appeal the decision on his traffic citation, may raise his deprivation of due process claim on appeal.  See Stubbs, 988 F. Supp. at 1282 (explaining that "the United States Supreme Court has also held that 'the Constitution and laws passed pursuant to it are as much laws in the States as laws passed by the state legislature,' and are, therefore, required to be enforced in state courts in most circumstances.") (quoting Howlett v. Rose, 496 U.S. 356, 367, 110 S.Ct. 2430, 110 L.Ed.2d 332 (1990)).

      None of the exceptions exist. Berger has not provided any evidence that the state traffic proceedings were motivated by bad faith or that any irreparable injury would occur if he must defend the state traffic proceedings.  And there is an "adequate alternative state forum where the constitutional issues can be raised." Id. Specifically, Berger may raise his deprivation of due process argument in the traffic proceedings and in any appellate court in Alabama.  Also, Berger must commence an action pursuant to Ala. Code § 6-6-591 in the Circuit Court of Baldwin County, Alabama law for Judge Scully's alleged unlawful holding of public office.  Ala. Code §

6-6-591(c) provides that "[a]n action under this section must be commenced in the circuit court of the county in which the acts are done or suffered[.]".

C. Conclusion

Accordingly, for the reasons set forth herein, this action is dismissed without prejudice. The Clerk is directed to close this action.

Final judgment shall enter by separate document as required by Fed. R. Civ. P. 58(a).

**DONE** and **ORDERED** this 7th day of August 2024.

>   **s / Kristi K. DuBose**
>   **KRISTI K. DuBOSE**
>   **UNITED STATES DISTRICT JUDGE**